[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION FOR SUSPENSION OF PROSECUTION
Before the court is the defendant, Timothy P. Lago's motion for suspension of prosecution and order of treatment pursuant to General Statutes §§ 17a-695 and 17a-696. The defendant is charged with violation of the following provisions of the Connecticut General Statutes: § 14-227a, driving under the influence of alcohol, § 14-223 (b), failing to bring a motor vehicle to a stop when signaled to do so by a police officer, § 14-222, reckless driving, and § 14-237, driving the wrong way on a divided highway. According to the defendant, he was alcohol dependent at the time of these crimes. The state's attorney opposes the defendant's motion on the basis that justice would not be served by granting the defendant's motion.
Pursuant to General Statutes § 17a-696 (b), in order for this court to order suspension of prosecution and order treatment for alcohol dependency, it must consider information before it concerning the alcohol dependency of the defendant, including the CADAC examination report, and it must find that, (1) the accused person was alcohol dependent at the time of the crime (2) the person presently needs and is likely to benefit from treatment for the dependency, and (3) suspension of prosecution will advance the interests of justice. Section 17a-696 (a) states, in relevant part, that the aforementioned provision shall not apply to any person charged with a violation of section 14-227a, but that the court may waive such ineligibility provision for any person. CT Page 4090
Briefly stated, the relevant allegations are that on July 13, 1997, the defendant was operating his motorcycle south bound in the north bound lane of Route 8. Upon being approached by a police officer, the defendant allegedly drove off and continued to travel south bound in the north bound lane. Eventually the police officer was able to approach the defendant and the officer observed that the defendant had a strong odor of alcohol about him and that the defendant's speech was slurred. The officer administered standardized field sobriety tests which resulted in the defendant's arrest for driving under the influence.
The CADAC evaluation report reveals that the defendant meets the criteria for chemical substance dependence. The report also indicates that the defendant has an extensive treatment history, spanning six years and at least five treatment or detoxification programs. Based on the defendant's claim that he did not drink any alcohol for five weeks prior to the evaluation, the report recommends intensive outpatient treatment for the defendant.
At the March 25, 1998 hearing on this matter, the defendant testified that he had undergone inpatient treatment a few years ago at a facility in Clifton Springs, New York but that "[he] didn't listen to the recommendations and got involved." Transcript of March 25, 1998 hearing, p. 8. The defendant also testified that following inpatient treatment in connection with New York driving under the influence charges, he was "sober for a while, about nine months", but did again drink alcohol. Transcript, p. 14.
In considering all of the information before it, this court finds that the defendant was alcohol dependent at the time of the alleged crimes. As well, the CADAC evaluation report supports the conclusion that the defendant is in need of treatment for his dependency. This court, however, is unable to find that the defendant will likely benefit from such treatment. In fact, the record reflects that the defendant's numerous prior attempts at treatment have been unsuccessful. Moreover, the defendant has not presented a justification for why this court should waive the ineligibility provision of General Statutes § 17a-696 (a). Given the defendant's history of treatment followed by incidents of drunk driving, this court is unable to find that suspending prosecution will advance the interests of justice. Accordingly, the defendant's motion for suspension of prosecution is denied.
BY THE COURT CT Page 4091
Peter Emmett Wiese, Judge